# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 4:16-CR-00362 |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| JOSEPH BROWN, | : | |
| | : | |
| Defendant. | : | |

## ORDER

### JUNE 27, 2017

**FINDINGS:**

1. The Defendant was indicted on December 8, 2016 for conspiracy to distribute, and possession with intent to distribute, cocaine. He was also charged with possession of a firearm by a convicted felon.

2. On December 29, 2016, the Defendant was released on home detention with electronic monitoring. ECF No. 17.

3. On June 16, 2017, the Defendant petitioned this Court to remove the home confinement condition and replace it with a curfew. ECF No. 30.

4. According to the Defendant, imposition of a curfew will "allow him more liberty during the day to spend time with his family." *Id.* ¶ 7.

5. "Conditions of bail are in the discretion of the issuing authority as long as those conditions are necessary to reasonably assure the

appearance of the person as required." *United States v. Cramer*, 451 F.2d 1198, 1200 (5th Cir. 1971). As such, the party requesting modification must "set forth any reasons for a revocation or modification of the bail order." *Drew v. United States*, 384 F.2d 314, 315 (D.C. Cir. 1967).

6. The Court believes that Defendant's motion fails to set forth adequate reasons warranting modification. In particular, the Defendant does not explain why relaxation of the home confinement condition would materially affect his ability to spend more time with his family.

**AND NOW, THEREFORE, IT IS ORDERED** that:

1. Defendant's Motion to Modify Bail Conditions, ECF No. 30, is **DENIED**.
2. The Clerk of Court is directed to docket this Order as a "written opinion," pursuant to the E-Government Act of 2002.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge